IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HOLLY R. HARPER,

            Plaintiff,

v.                                                CIVIL ACTION NO. 3:24-00113

MAGISTRATE AND CIRCUIT COURTS
OF CABELL COUNTY; DAN FERGUSON;
J.E. HOOD; ALFRED F. FERGUSON;
ANDREA M. MCMULLEN; WESTERN
REGIONAL JAIL AND CORRECTIONAL
FACILITY; and HUNTINGTON POLICE
DEPARTMENT,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and, in doing so, recommended that the Court dismiss this case and remove it from the docket of the Court. Plaintiff has filed objections to the Magistrate Judge's findings and recommendations.

Upon a de novo review of Plaintiff's Complaint and Objections, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Findings and Recommendations, and **DISMISSES** Plaintiff's case.

                                      **I.      BACKGROUND**

**A. Plaintiff's *pro se* Complaint**

Plaintiff Holly H. Harper filed her *pro se* Complaint against Defendants the Magistrate and Circuit Courts of Cabell County, Magistrate Dan Ferguson, Circuit Judge Alfred Ferguson, Circuit

Clerk J. E. Hood, the Huntington Police Department, the Western Regional Jail, and licensed counselor Andrea McMullen on March 8, 2024. Compl., ECF No. 1. Plaintiff's Complaint describes events that occurred on January 3, 2020, through January 6, 2020. Specifically, she alleges as follows:

Plaintiff was arrested at around 10:00 PM on January 3, 2020, after the Huntington Police Department received an anonymous 911 call regarding "a suspicious person" and "possible break-in" at A.L.C. Church in Huntington, West Virginia. *Id.* at 7. Police failed to contemporaneously advise Plaintiff of her Miranda Rights and referred to her using "an inappropriate four-letter word." *Id.*

After her arrest, she was taken to the Cabell County Courthouse, where the presiding magistrate "did not inform [her] of [her] initial rights because [she] confronted him about the officer's language[.]" *Id.* Plaintiff "signed the first (and only) document presented to [her] with a disclaimer stating[,] 'I do not agree with charges.'" *Id.* The magistrate ordered her detainment, and Plaintiff spent three days and three nights at Western Regional Jail, where "they refused to inform [Plaintiff] of [her] bail/bond." *Id.*

While at the Western Regional, Plaintiff called her father "for him to request [her] bail/bond amount." *Id.* at 5. Thereafter, Circuit Clerk J. E. Hood and Circuit Judge Alfred E. Ferguson allowed her father "to act as an applicant for involuntary hospitalization under false and implied circumstances, including [her] incarcerated status." *Id.* In sum, the Circuit Clerk and Circuit Judge failed to follow the correct protocol for jail release and for the involuntary hospitalization for person who are incarcerated. *Id.*

On January 6, 2020, Plaintiff was transferred from the Western Regional Jail to Prestera Center. *Id.* at 5, 7. While at Prestera, her examiner asked "questions that had zero relevance to

[Plaintiff's] arrest, including a vehicle and loaded gun." *Id.* at 5. After her examination, Plaintiff was involuntarily hospitalized at River Park Hospital, and her "name and information [were] registered with the WV State Mental Health Registry per the WV State Police superintendent." *Id.* at 5.

In light of the foregoing, Plaintiff alleges that following rights were violated: (1) her Second Amendment right to bear arms; (2) her Fifth Amendment right to due process "per the legal system"; (3) her Sixth Amendment right to a jury trial, right to confront witnesses, and right to be represented by a competent lawyer; (4) her Eighth Amendment right to reasonable bail and to be free from cruel and unusual punishment; and (5) her Fourteenth Amendment right to equal protection. *Id.* at 4. Plaintiff seeks $400,000.00 in damages. Plaintiff also filed an Application to Proceed Without Prepayment of Fees and Costs. ECF No. 3.

**B. Magistrate Judge Eifert's Proposed Finding and Recommendations**

When *pro se* litigants seek to proceed *in forma pauperis*, the Court is required to dismiss the case if it determines the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pursuant to § 1915, on April 17, 2024, Judge Eifert entered Proposed Findings and Recommendations (hereinafter "PF&R") which denied Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and recommended that the Court dismiss Plaintiff's case because (1) Plaintiff's suit is untimely; (2) Defendants Dan Ferguson, Circuit Judge Alfred Ferguson, and Circuit Clerk J. E. Hood are immune from suit; (3) Plaintiff fails to state a § 1983 claim against the Huntington Police Department; (4) Defendant Andrea McMullen is not a state actor under § 1983; and (5) the Magistrate and Circuit Courts of Cabell County and Western Regional Jail are not "persons" under § 1983. PF&R, ECF No. 4.

## II. LEGAL STANDARD

Where a plaintiff proceeds in litigation *pro se*, the reviewing court is obligated to liberally construe her complaint. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (holding *pro se* pleadings to a less demanding standard than pleadings drafted by an attorney). "This liberal construction of *pro se* pleadings allows for the development of potentially meritorious claims." *Corr v. Bureau of the Pub. Debt*, 987 F. Supp. 2d 711, 716 (S.D.W. Va. 2013).

Additionally, when reviewing objections to a magistrate judge's proposed findings and recommendations, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations is made." 28 U.S. § 636(b)(1). "However, the Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." *Corr*, 987 F. Supp. 2d at 716 (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## III. ANALYSIS

Plaintiff raises seventeen (17) objections to Magistrate Judge Eifert's PF&R. Those objections are separated into two categories by the Court, (A) objections that go to the legal conclusions set forth in the PF&R and (B) objections that raise only factual disputes or challenge the narrative set forth in the PF&R.

**A. Objections to PF&R's Legal Conclusions**

(1) <u>Plaintiff's suit is barred by the applicable statute of limitations.</u>

With respect to Judge Eifert's finding that Plaintiff's suit is time-barred, Plaintiff does not dispute that the applicable statute of limitations is two years. *See* PF&R at 5–6. Instead, Plaintiff submits that her suit is not barred because she did not have reason to know of her injuries until she

requested records from the Cabell County Circuit Clerk on September 18, 2023. *See* Objs. #4–5.[1] The Court disagrees with this assertion. The statute of limitations begins to toll "when the plaintiff has a complete and present cause of action," or, more simply put, when "the plaintiff can file suit and obtain relief." *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 886 (4th Cir. 2023) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotation marks omitted).

Plaintiff's Complaint makes clear that her claimed injuries occurred in January 2020. *See* Compl. at 7 (stating that the relevant events occurred between January 3, 2020, and January 6, 2020). If Plaintiff had viable claims to bring, she could have done so as early as January 6, 2020, and the statute of limitations period ended on January 6, 2022. As such, the Court finds that Plaintiff's Complaint is time-barred.

(2) Magistrate Ferguson, Circuit Judge Ferguson, and Circuit Clerk Hood are immune from suit.

It is well established that judicial officers are immune from lawsuits seeking damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Court clerks similarly enjoy "derivative absolute judicial immunity." *See Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016). As set forth in the PF&R, judicial immunity is absolute and can only be overcome by a showing that the judicial officer's actions were nonjudicial or where the judicial officer "lacked all jurisdiction." PF&R at 7 (citing *Mireles*, 502 U.S. at 11–12). Plaintiff does not dispute this legal standard. Instead, she asserts that the judicial officers and Clerk Hood failed to follow appropriate procedures. *See* Objs. #6–8.[2] Even assuming Plaintiff is correct, such failures would not overcome the absolute immunity these judicial defendants enjoy, and her claims against them must be dismissed.

---

[1] Pl.'s Objs. at 7–8.
[2] Pl.'s Objs. at 9–11.

(3) <u>Plaintiff has not stated a viable claim against the Huntington Police Department.</u>

As set forth by Judge Eifert, local government entities like the Huntington Police Department ("HPD") cannot be held liable for the actions of an employee unless the "employee was acting pursuant to the government's policy or custom." PF&R at 9–10 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). Because Plaintiff does not plead any such policy or custom, her claims against the HPD cannot proceed. Accordingly, Plaintiff objections to this portion of the PF&R—which challenge only the individual actions of the officers involved and whether those actions amount to constitutional violations—are overruled. *See* Objs. #9–10.[3]

(4) <u>Defendant McMullen is not a state actor under § 1983.</u>

Section 1983 provides a cause of action for individuals against "persons" who, "under color of any statute, ordinance, regulation, custom, or usage, of any State" cause the plaintiff to suffer a deprivation of federally protected rights. *See* 42 U.S.C. § 1983. Private actors (including social workers and counselors working for private institutions) cannot be held liable under § 1983. *See* PF&R at 11 (citing *Davis v. Willheim*, No. 17 CIV. 5793(KPF), 2020 WL1903982, at *6 (S.D.N.Y. Apr. 17, 2020) (dismissing § 1983 claim against a counselor employed by a private organization)).

Although Plaintiff makes factual "objections" about the content of McMullen's questioning and testimony, *see* Obj. # 11,[4] she has not alleged that McMullen was acting under color of state law, as required for liability under 42 U.S.C. § 1983. Accordingly, Plaintiff's claims against McMullen cannot stand.

---

[3] Pl.'s Objs. at 10–14.
[4] Pl.'s Objs. at 17–18

(5) <u>County Magistrate and Circuit Courts and Western Regional Jail are not "persons" under § 1983.</u>

Finally, the Court agrees with Judge Eifert that the Magistrate and Circuit Courts of Cabell County and Western Regional Jail are not proper defendants under § 1983. *First*, it is well established that the state, its agencies, and other arms of the state, are not "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). *Second*, Western Regional Jail is not a legal entity at all, but rather the name of a building owned by the West Virginia Division of Corrections and Rehabilitation. *See* PF&R at 13. As such, these defendants must be dismissed.

## B. Remaining Objections

Inasmuch as Plaintiff's claims cannot legally stand, the Court declines to address the remaining objections. *See* Objs. # 1 & # 2[5] (objecting to PF&R's characterization of the 911 call and magistrate court records); Obj. # 3[6] (challenging the truth of the statements in the magistrate court record); Obj. # 7[7] (objecting to a typographical error in PF&R); Obj. # 14[8] (objecting to the PF&R's characterization of the January 3, 2020 arrest as a "prior arrest"); Objs. # 15 & # 16[9] (objecting to the PF&R's characterization that she did not plead specific allegations against the defendant courts); Obj. # 17[10] (objection to the Court "alleging that Harper refused to be informed about her initial appearance rights"). Even if the Court agreed with these objections, the ultimate result would be the same.

---

[5] Pl.'s Objs. at 5.
[6] Pl.'s Objs. at 6.
[7] Pl.'s Objs. at 10.
[8] Pl.'s Objs. at 20
[9] Pl.'s Objs. at 21–22.
[10] Pl.'s Objs. at 23.

## IV. CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

(1) Plaintiff's Objections, ECF No. 5, are **OVERRULED;**

(2) Judge Eifert's Findings and Recommendations, ECF No. 4, are **ADOPTED;** and

(3) Plaintiff's Complaint, ECF No. 1, is **DISMISSED;**

The Court **DIRECTS** the Clerk to remove this case from the Court's docket and to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER: July 17, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE